## Case No. 11,920.

### ROBERTS v. The YUBA.

[38 Hunt, Mer. Mag. 710.]

District Court, S. D. New York. 1857.

BOTTOMRY—BONA FIDES—ACQUIESCENCE BY OWNERS.

[Acquiescence by part owners in a bottomry loan the circumstances whereof are suspicious is evidence that it was bona fide.]

The libel in this case was filed [by Cæsar A. Roberts against the bark Yuba] to enforce a bottomry bond upon the bark and her cargo, executed in New Orleans, January 25, 1857, to secure the payment, five days after the arrival of the bark in New York, of the sum of $7,700, with 20 per cent. interest.

BETTS, District Judge. This case comes before the court in a questionable aspect in many particulars. The large sum secured by the hypothecation; the heavy premium for so short a time; the ambiguous proof of the application of the money; the amount reserved out of it to the master (who was also part owner) for his own commissions; the lack of evidence of proper diligence to obtain funds by other means, and also of proof that a large portion of the sums covered by the bond were liens at all upon the

vessel; and the want of satisfactory evidence who had the actual ownership or management of the vessel at the time and throughout the transaction,—afford occasion to doubt whether the court is in possession of an unreserved and reliable statement of the facts. But as some of the parties, actors in the bottomry loan and subsequent proceedings, appear to have been directly interested in the vessel as owners, and must be taken to acquiesce in, if not approve, the proceedings, the court will not dismiss the action. The libelant will be allowed to take a decree of $4,000, with leave, however, to each party, if he so elect, to have a reference to a commissioner, the libelant to ascertain whether more than the $4,000, being a lien upon the vessel, was satisfied by his loan, and the claimants, whether less than that sum, paid out of the bottomry loan, was a legal lien on the vessel at the time.

[NOTE. From this decree the libelant appealed to the circuit court. The appeal was dismissed, upon the ground that the decree was not intended to be a final decree. Case No. 18,192. Subsequently the district court dismissed the libel. Case unreported. The libelant again appealed to the circuit court, where the decree below was reversed, and a decree entered in favor of the libelant for the amount of the bond, less the small sum paid the captain. Id. 18,193.]